TIMOTHY M. BURGESS
United States Attorney

DANIEL R. COOPER, Jr.
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Rm.253
Anchorage, AK 99513-7567
(907) 271-3376
daniel.cooper@usdoj.gov

FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 12 AM 11: 49

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| MARLENE WINDEL, | Case No. A02-306 CV (JWS) |
|---|---|
| Plaintiff | |
| v. | DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS |
| UNITED STATES OF AMERICA, et al. | |
| Defendant | |

COMES NOW Defendant, Unites States of America, by and through undersigned counsel, and oppose plaintiff's motion for summary judgment. As set forth in the accompanying Memorandum of Points and Authorities, the United States of America, Departments of the Army and Air Force, National Guard Bureau ("Defendants") oppose Plaintiff's Motion for Attorney's Fees and Costs

68

made pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. 552.

Defendants respectfully request that the Court deny Plaintiff's Motion.

Respectfully submitted this 12th day of December 2005.

           TIMOTHY M. BURGESS
           UNITED STATES ATTORNEY

           */s/ Daniel R. Cooper, Jr.*
           DANIEL R. COOPER, JR.
           Assistant United States Attorney

TIMOTHY M. BURGESS
United States Attorney

DANIEL R. COOPER, Jr.
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Rm.253
Anchorage, AK 99513-7567
(907) 271-3376
daniel.cooper@usdoj.gov

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARLENE WINDEL,<br><br>    Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>    Defendant | Case No. A02-306 CV (JWS)<br><br>DEFENDANT'S MEMORANDUM AND POINTS OF LAW AND AUTHORITIES IN SUPPORT OF THEIR OPPOSITION TO UNITED STATES OF AMERICA, et al. PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS |

## I. Introduction

This FOIA case involves six FOIA requests made by plaintiff of the Alaska Air National Guard and the National Guard Bureau (NGB).[1]

---

[1] The six FOIA requests for documentation concerned the following items:
FOIA Request #1. This request was made to the Office of Public Affairs at the State Headquarters for the Alaska Air National Guard in a letter dated 9 August 2001. SSgt Windel asked for documentation concerning: 1) a fact-finding conducted by a Major Annetta Minney (IG) concerning SSgt Windel's 7 level upgrade training and reassignment to the 176th LSF, and 2) resolution of SSgt Windel's 7 level upgrade training

FOIA Request #2. This request was made to the Office of Public Affairs at the State Headquarters for the Alaska Air National Guard in a letter dated 27 September 2001. SSgt Windel asked for documentation concerning her 5 and 7 level upgrade training.

Plaintiff received two substantial releases of documents responsive to her FOIA requests, and one smaller release prior to decision on dispositive motions. The first release occurred in March 2003. This set was quite lengthy (147 different documents) and contained a number of documents as exhibits that were responsive to several of her FOIA requests (e.g., training records).

The second set of responsive documents were released in August 2003. These documents (87 different documents) pertained to plaintiff's final Military Equal Opportunity report that she had requested in FOIA Request #6.

Finally, as a result of supplemental exhaustive searches for responsive records, seven more documents, almost all being letters and memorandums for record prepared by the plaintiff, were reviewed and released in May 2004.

Of the remaining documents, certain information was withheld based on FOIA Exemptions 3, 5, 6, and 7(C). The applicability of the Exemption 3 statute1 involved in this case, 10 U.S.C. § 130b, had never before been subject to judicial review. The United States submitted a detailed *Vaughn* index describing the redacted information and the basis for the redactions. After receiving Motions for

---

FOIA Request #3. This request was made to the National Guard Bureau in a letter dated 23 November 2001 and asked for the same documents requested in FOIA Request #1.

FOIA Request #4. This request was made to the National Guard Bureau in a letter dated 23 November 2001 and asked for the same documents requested in FOIA Request #2.

FOIA Request #5. This request was made to the National Guard Bureau in a letter dated 23 November 2001 and asked for the dates of rank, assignment to the 176th AGS, and upgrade to 7-level status for 23 of SSgt Windel's co-workers.

FOIA Request #6. This request was made to the National Guard Bureau in a letter dated 19 August 2002 and asked for a copy of a final report pertaining to an investigation of a formal discrimination complaint she had made in Sep 01. In addition, SSgt Windel asked for documents pertaining to any actions taken to comply with the Commander's Reprisal Plan.

Summary Judgment, the court granted summary judgment in part for the United States as to the information redacted based on Exemption 3. The court granted summary judgment to Ms. Windel in part as to the information redacted based on Exemptions 5, 6, and 7(C).

## II.  Law and Argument

The general rule in civil litigation in the United States is that parties must be responsible for their own attorney's fees (also known as the "American rule"). Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res., 532 U.S. 598 (2001). Only when the government has expressed the clear intent to authorize the award of attorney's fees will such a remedy be allowed. Id. In the case of the FOIA, Congress has authorized the award of attorney's fees in appropriate cases to "substantially prevailing parties." 5 U.S.C. § 552(a)(4)(D). However, "[t]he legislative history of the FOIA makes it clear that Congress did not intend an award of attorney's fees to be automatic; rather, the trial court 'must weigh the facts of each case against the criteria of the existing body of law on the award of attorney fees and then exercise
its discretion in determining whether an award is appropriate.'" Church of Scientology of Cal. v. United States Postal Serv., 700 F.2d 486 (9th Cir. 1983) Quoting Cuneo v. Rumsfeld, 553 F.2d
1360, 1367 (D.C. Cir.1977).

The Supreme Court in Buckhannon made clear that"[a] 'prevailing party' is one who has been awarded some relief by a court." The Court further held that the

3

word "substantially" in statutes like the FOIA does not alter the definition of a "prevailing party." The Court noted, however, that the designation as a "prevailing party" does not in and of itself justify the award of attorney's fees. Id. At 604 [citing Farrar v. Hobby, 506 U.S. 103 (1992), although award for nominal damages makes plaintiff a "prevailing party," attorney's fees not appropriate]. In clarifying the meaning of this term, the Court also expressly disapproved of the "catalyst" theory, discussing the public policy goal of not dissuading defendants to take remedial action prior to decision on the merits. Buckhannon, 532 U.S. at 608-609.

In fact, a litigant's status as a "prevailing party" is merely the first step in evaluating a request for attorney's fees. Church of Scientology of Cal. v. United States Postal Serv., 700 F.2d 486, 492 (9th Cir. 1983) This first step establishes *eligibility*. After a party has established eligibility, the party must then prove *entitlement*. Only after proving eligibility *and* entitlement to attorney's fees does the court consider whether claimed attorney's fees are reasonable. In evaluating the possibility of entitlement to attorney's fees, courts have considered the following factors:

> (1) the public benefit from disclosure, (2) any commercial benefit to the plaintiff resulting from disclosure, (3) the nature of the plaintiff's interest in the disclosed records, and (4) whether the government's withholding of the records had a reasonable basis in law. Id. at 492.

These factors are also established in the case relied upon by plaintiff as her principal authority, Long v. United States, 932 F.2d 1309 (9th Cir 1991).

4

Analysis of the first factor, public benefit from disclosure, supports rejecting Ms. Windel's fee request. Ms. Windel sought records that concern her and her alone. These FOIA requests are merely a continuation of the series of personnel complaints raised by Ms. Windel. "[A]ward of attorney's fees is not favored when it merely subsidizes a matter of private concern." Church of Scientology at 493. Since the requests are personal in nature, there is no public benefit to their disclosure.

Ms. Windel is an individual rather than a commercial entity, so evaluating the second and third elements together is appropriate in this case. When these factors are considered, they also militate against awarding fees to Ms. Windel. Ms. Windel seeks the information in her FOIA requests for her own personal interests rather than for any public interest. However, Ms. Windel sought information which she intends (or intended) to use to seek money damages from the United States. That is, Ms. Windel's intent is to establish thorough the disclosed information that she was wrongfully discharged, and is entitled to money damages.

Finally, the fourth factor also militates against the award of attorney's fees. Defendant sought to protect information pursuant to 10 U.S.C. § 130b, and therefore declined to provide this information. This case represents the first litigation in which this withholding statute has faced judicial review. Much of the activity in this case has been directed toward the litigation of this issue of first impression. In the end, Defendant prevailed in its withholding of personally

5

identifying information on this basis. This resulted in upholding of the nondisclosure and a significant amount of the information was withheld on this exemption.

The remaining information, withheld under FOIA Exemptions 5, 6, and 7(C), were indeed information that was either deliberative in nature, otherwise privileged, or personally identifying information. Much of the information administratively withheld on the basis of exemption 5 was disclosed prior to decision on the merits on a discretionary basis. This is the type of disclosure that the Court in Buckhannon wanted to encourage agencies to undertake without concern of liability for fees under the "catalyst" theory. The information that was litigated was of the type that falls within the claimed exemptions, and was identified in Defendant's *Vaughn* index. The court's decision to release this information related to a failure of proof rather than any sort of bad faith or improper motive. Consequently, the United States did have a reasonable basis in law for the information withheld.

Based on all four of the common factors, Ms. Windel has not established an entitlement to attorney's fees. However, even should the Court find that there is some entitlement to fees, this entitlement should be limited. Any entitlement to fees should not in any case apply to the litigation of the information withheld based on Exemption 3 or information disclosed on a discretionary basis.

Only after a plaintiff has established the eligibility and entitlement to attorney's fees must the court consider the appropriate amount. Ms. Windel sets

out the 12 factors provided in Rule 82(b)(3), Alaska Rules of Civil Procedure in support of her argument that the standard 20% award established in Rule 82(b)(2) should be modified. In evaluating those 12 elements, the United States submits that the court should find that the claims of both parties were reasonable, and the litigation was conducted without bad faith by either party. Moreover, the United States contends and asks the court to find that at least one of the issues was an issue of first impression, and upon that issue, the United States prevailed. The United States leaves the issue of the reasonableness of the amount of time spent on this matter and the hourly rate to the sound discretion of the court.

### III. Conclusion

After review of the law and the facts in this case, plaintiff has not established the necessary prerequisites to obtaining an award of attorney's fees. Therefore, plaintiff's Motion for Attorney's Fees and Costs should be denied. If the court does find that Ms. Windel is entitled to an award of attorney's fees. The United States submits that the award should be limited to 20% as provided in Rule 82(b)(2), Alaska Rules of Civil Procedure.

Respectfully submitted this 12th day of December 2005.

TIMOTHY M. BURGESS
UNITED STATES ATTORNEY

DANIEL R. COOPER, JR.
Assistant United States Attorney

I declare under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel via:

      ( X ) U.S. Mail
      (   ) Certified U.S. Mail
      (   ) FAX
      (   ) Hand Delivery
      (   ) Messenger

Joseph R.D. Loescher
Law Office of Joseph R. D. Loescher
902 South 10th Street
Tacoma, Washington 98405

Executed at Anchorage, Alaska, on December 12, 2005.

_____
Office of the U.S. Attorney