**FILED**

DEC 2 1 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____PRR_____Deputy

Joseph R.D. Loescher
Alaska Bar No. 7911108
Law Office of Joseph R. D. Loescher
902 South 10th Street
Tacoma, WA 98405
Telephone: (253) 272-2206

Attorney for Marlene Windel

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARLENE WINDEL,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, DEPARTMENTS OF THE ARMY AND AIR FORCE, NATIONAL GUARD BUREAU,<br><br>    Defendant. | Case No. A02-306 CV (JWS) |

## REPLY TO DEFENDANT'S OPPOSITION TO PLANITIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

This case was filed because the government failed to comply with its obligations under the Freedom of Information Act ("FOIA"), 5 U.S.C. 552, which requires agencies of the United States government to make records promptly available to any person who makes a request. The goal of FOIA is to provide "individuals" ready access to government agency documents. *Lion Raisins, Inc. v. United States Department of Agriculture*, 354 F.3d 1072, 1079 (9th Cir. 2004). In the instant case attorney's fees are

MOTION FOR ATTORNEY'S FEES AND COSTS
Page 1 of 8

LAW OFFICE OF JOSEPH R. D. LOESCHER
1326 Tacoma Ave. S., Suite 101
Tacoma, WA 98402-1983
P.253.272-.2306 F.253.272.6439

69

appropriate because the government failed to carry out its duty of making documents available on request. It fought the request in court and elevated exemptions that are to be narrowly construed over the broader policy of public disclosure. *See Lion Raisins, supra.* The policy in favor of disclosure supports an award of attorney's fees and costs when an individual obtains court relief requiring the government to disclose documents in accord with FOIA.

    A.    Windel substantially prevailed and is eligible for attorney's fees.

The government acknowledges that under FOIA the court may award attorney's fees and costs to an individual suing the government who "substantially prevails." Opposition at 3. Incredibly, the government argues that Windel has not substantially prevailed in this action.

In a case relied upon by the government, the Ninth Circuit held:

> If the facts show that the plaintiff has substantially prevailed on his or her FOIA action, then such party is eligible for an award of attorney's fees. A determination of eligibility does not automatically entitle the plaintiff to attorney's fees. Entitlement to attorney's fees is left to the discretion of the district court.

*Church of Scientology of Cal. v. United States Postal Service*, 700 F.2d 486, 489 (9th Cir. 1983) (citations omitted). The Ninth Circuit clarified that the concept of a party substantially prevailing -- or eligibility – depends upon whether the plaintiff has shown that: (1) the filing of the action could reasonably have been regarded as necessary to obtain the information; and (2) the filing of the action had a substantial causative effect on the delivery of the information. *Id.*

There can be no doubt that Windel meets the test of having substantially prevailed under this test. Windel not only had to file the suit but had to prevail on

MOTION FOR ATTORNEY'S FEES AND COSTS
Page 2 of 8

LAW OFFICE OF JOSEPH R. D. LOESCHER
1326 Tacoma Ave. S., Suite 101
Tacoma, WA 98402-1983
P.253.272-.2306 F.253.272.6439

1  summary judgment to get all the documents to which she was entitled. The filing of the
2  action clearly was necessary and obtaining this Court's orders had a direct substantial
3  causative effect on production of the documents by the government.

4  The government acknowledges that it failed to produce many of the documents
5  that were responsive to Windel's FOIA requests until after dispositive motions were
6  filed and the court ruled in Windel's favor. The government also acknowledges that
7  Windel had to file additional motions to gain production of documents that were either
8  withheld or that were redacted. These acknowledgements are tantamount to an
9  acknowledgment that Windel substantially prevailed on her claims and is entitled to
10 attorney's fees and costs.

11 However, the government fails to acknowledge that its compliance with FOIA
12 was only obtained by court order. The government downplays the fact that it resisted
13 Windel's efforts to obtain the government's compliance with FOIA every step of the
14 way. It refused to produce any documents until sued. It then produced some but not all
15 of the requested documents, and withheld or redacted dozens of pages.

16 The government resisted its obligation to produce a Vaughn Index. It did not
17 produce any index until after the first round of briefing on summary judgment. In
18 opposing summary judgment, the government first produced the Declaration of
19 Lieutenant Colonel Susan Bailar. This court's Order (Docket 37) held that the letter was
20 insufficient and ordered that the government was required to produce a Vaughn Index.
21 Thus, the Vaughn Index was not voluntarily produced as is suggested in the
22 government's opposition.

23
24
25

MOTION FOR ATTORNEY'S FEES AND COSTS
Page 3 of 8

LAW OFFICE OF JOSEPH R. D. LOESCHER
1326 Tacoma Ave. S., Suite 101
Tacoma, WA 98402-1983
P.253.272-.2306 F.253.272.6439

Because the Vaughn index was not produced before the first round of dispositive briefing, a second round of briefing became necessary adding to Windel's costs in litigating this case. Ultimately, the court held that Windel was correct that the withholding of many of the documents and the redactions were improper.

The government acknowledges that the court ruled in Windel's favor on Exemptions 5, 6 and 7(C) but attempts to minimize this hard won victory. The government argues that the Court's decision in favor of Windel "related to a failure of proof rather than any sort of bad faith or improper motive." Opposition at 6. Somehow the government sees this failure of proof as evidence that it had a reasonable basis to withhold the documents. This argument makes no sense and is a non-sequitur. The fact is that the government could not prove a reasonable basis to withhold and redact documents, and it was ordered to produce the withheld and redacted documents.

The foregoing establishes that Windel meets the test set forth by the Ninth Circuit for having substantially prevailed in FOIA litigation. The government's argument to the contrary is without merit. Windel clearly is eligible for an award of attorney's fees.

**B.     The issue of entitlement to attorney's fees under FOIA is in the court's sound discretion.**

The next part of the Ninth Circuit's test is whether Windel is entitled to attorney's fees. The Ninth Circuit makes clear that entitlement is left to the discretion of the District Court. *See, Church of Scientology, supra.* The issue of "entitlement" is or the decision of whether to award attorney's fees is left to the sound discretion of the trial court. *Church of Scientology, supra* at 492. In exercising that discretion the court can take into consideration whatever factors it deems appropriate. *Id.*

LAW OFFICE OF JOSEPH R. D. LOESCHER
1326 Tacoma Ave. S., Suite 101
Tacoma, WA 98402-1983
P.253.272-.2306 F.253.272.6439

1   The government urges that Windel should not be awarded attorney's fees because
2   she sought records that concerned her and her alone, that she is an individual rather than
3   a commercial entity, and that the government's had a reasonable basis for withholding
4   the documents. These arguments should be discarded. First, individuals have more of a
5   need to recover attorney's fees than commercial entities. If attorney's fees are denied
6   because an individual brought the suit rather than an entity, there would be an erosion of
7   individual rights. Moreover, that argument flies in the face of the Ninth Circuit's
8   recognition that the goal of FOIA is to provide "individuals" ready access to government
9   agency documents. *See, Lion Raisins, Inc. v. United States Department of Agriculture*,
10  354 F.3d 1072, 1079 (9th Cir. 2004).

11  Although the records do concern Windel, they address the broader issue of
12  whether gender discrimination in the Alaska National Guard resulted in Windel and
13  other women not being trained on the Flightline. This issue is not limited to Windel
14  alone, but also other women similarly situated. Other women indicated to Windel that
15  they also believe discriminatory practices were prevalent in the Alaska National Guard.

16  Many of the documents produced in response to the FOIA requests evidence that
17  there were training problems that impacted Windel and others. Some of the documents
18  indicate that witnesses for Windel and the Guard stated that the Flightline need
19  improvement in its training program, and Windel was noted as having the courage to
20  speak up about the deficiencies resulting in improvements for herself and others. *See,*
21  000223, 000258. The documents show that other women in the Guard felt they were not
22  getting the training they needed in order to be promoted. *See,* 0003812; 000385. Some
23  of the documents show that Windel was treated unfairly and not given an opportunity.

MOTION FOR ATTORNEY'S FEES AND COSTS
Page 5 of 8

LAW OFFICE OF JOSEPH R. D. LOESCHER
1326 Tacoma Ave. S., Suite 101
Tacoma, WA 98402-1983
P.253.272-.2306 F.253.272.6439

*See,* 000382; 000385. Documents indicate that there were differences in the way individuals were treated and part of that problem was gender focused. *See,* 000385. At least one person stated straight out that a sexist "good old boy" system existed within the Flightline. *See,* 000419. There was an attitude that women did not belong on the Flightline. *See,* 000403. The status of women was not good and the old, chauvinistic attitudes have to be retired or removed in order for women to succeed on the Flightline. *See,* 000403.

The foregoing makes clear that while the documents pertain to Windel, they also pertain to discrimination on the Flightline that was directed both at Windel and others. For this reason, the FOIA requests should not be viewed as having been related solely to Windel. It is entirely possible that the reason the government failed to respond to Windel's FOIA requests and the reason for the lengthy delay in producing documents was because the government did not want to reveal documents that related to discrimination.

Lastly, the government has not shown that it had a reasonable basis for withholding the documents. FOIA is broadly construed in favor of disclosure and the exemptions are narrowly construed. The government did just the opposite. As its opposition acknowledges, it lost because of a failure of proof. It simply did not have a reasonable basis for withholding the documents.

As the Ninth Circuit has made clear, in exercising its discretion in determining whether Windel is entitled to attorney's fees, this court may consider other factors including those considered under Civil Rule 82. And, Civil Rule 82 itself can provide separate grounds for awarding attorney's fees. The government even suggests that if an

MOTION FOR ATTORNEY'S FEES AND COSTS
Page 6 of 8

LAW OFFICE OF JOSEPH R. D. LOESCHER
1326 Tacoma Ave. S., Suite 101
Tacoma, WA 98402-1983
P.253.272-.2306 F.253.272.6439

1 award is made it should be limited to the 20% recovery under Civil Rule 82(b)(2). Opposition at 7.

Whether under FOIA or Civil Rule 82, more than 20% should be awarded to Windel. She should be awarded full or substantially full attorney's fees. Ninth Circuit precedent shows that if a party prevails in FOIA litigation they should receive full attorney's fees. In *Long v. United States Internal Revenue Service*, 932 F.2d 1309, 1313-14 (9th Cir. 1991), the Ninth Circuit held that if the number of attorney's hours expended and the hourly fee claimed are both reasonable, then there is a strong presumption that their product, the lodestar figure, represents a reasonable award. The amount may be adjusted upward or downward based upon the nature and difficulty of the case. *Id*. at 1314.

One of the factors considered is the novelty and difficulty of the questions involved. The government notes that the issue of information protected by 10 U.S.C. 130b was an issue of first impression. Thus, this factor supports an increase, not a decrease in the amount of the award. Other factors include the skill requisite to perform the legal service properly, and the experience, reputation, and ability of the attorneys. Windel submits that each of these factors weigh in favor of awarding at least full attorney's fees and costs.

Windel has submitted her attorney's billings. The government does not argue that anything about them is unreasonable. It does not contend that the hours were too much, nor that the rates charged were too high. Thus, under Ninth Circuit precedent the lodestar of hours times rate is the presumptive award. If any adjustments are to be made, Windel submits they should be made upward.

MOTION FOR ATTORNEY'S FEES AND COSTS
Page 7 of 8

LAW OFFICE OF JOSEPH R. D. LOESCHER
1326 Tacoma Ave. S., Suite 101
Tacoma, WA 98402-1983
P.253.272-.2306 F.253.272.6439

DATED this 16th day of December, 2005.

Attorney for Plaintiff

By: _____
Joseph R. D. Loescher
Alaska Bar No. 7911108

CERTIFICATE OF SERVICE

I hereby certify that on the date below a true and correct copy of this document was delivered via U.S. First Class Mail to:

Dan Cooper, Asst. U.S. Attorney
U.S. Department of Justice
Federal Building/US Courthouse
222 West 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567

Dated this 15 day of December, 2005.

_____
Joseph Loescher

MOTION FOR ATTORNEY'S FEES AND COSTS
Page 8 of 8

LAW OFFICE OF JOSEPH R. D. LOESCHER
1326 Tacoma Ave. S., Suite 101
Tacoma, WA 98402-1983
P.253.272-.2306 F.253.272.6439