Joseph R.D. Loescher
Alaska Bar No. 7911108
Law Office of Joseph R. D. Loescher
902 South 10th Street
Tacoma, WA 98405
Telephone: (253) 272-2206

Attorney for Marlene Windel

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| MARLENE WINDEL, | Case No. A02-306 CV (JWS) |
|---|---|
| Plaintiff, | |
| vs. | |
| UNITED STATES OF AMERICA, DEPARTMENTS OF THE ARMY AND AIR FORCE, NATIONAL GUARD BUREAU, | |
| Defendant. | |

## MOTION TO ALTER OR AMEND JUDGMENT

COMES NOW, plaintiff, Marlene Windel, and pursuant to Rule 59(e) of the Federal Rules of Civil Procedure moves for to alter or amend the judgment with respect to the award for attorneys fees set forth in the Order From Chambers, filed April 19, 2006. In the alternative, this motion seeks relief from judgment under Civil Rule 60(b)(6).

### A. Relief Requested.

Windel respectfully requests that the court reconsider its Order From Chambers, filed April 19, 2006, which awarded Windel 20% of her attorney fees incurred in bringing this action. As set forth below, the Court's order fails to correctly apply the standards applicable to awarding attorney fees to a party who prevailed on claims under the Freedom of Information Act.

### B. Statement of Points and Authorities.

#### a. Review is permissible under Civil Rules 59(e) or 60(b).

The Federal Civil Rules do not expressly recognize motions for reconsideration. Such motions are usually brought under Civil Rule 59(e) to alter or amend a judgment or under Civil Rule 60(b) for relief from judgments or orders. Baicker-McKee, Janssen, Corr, *Federal Civil Rules Handbook 2005*, 939 (2005).

Under Civil Rule 59(e) a motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment. The court entered its Order regarding attorney's fees on April 19, 2006. Under Civil Rule 6, when the time allowed under the rules is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded from the computation. Accordingly, this motion is timely because it is being filed before May 4, 2006. Similarly, this motion is timely brought under Civil Rule 60(b)(6) must be brought within a reasonable time. That rule allows motions to seek review for any reason justifying relief form the operation of the judgment.

MOTION TO ALTER OR AMEND JUDGMENT -Page 2

LAW OFFICE OF JOSEPH R. D. LOESCHER
902 South 10th Street
Tacoma, WA 98405
P. 253.272.2206 / F. 253.272.6439

### b. The Court failed to correctly apply the standards for awarding attorney's fees in FOIA cases.

The Court's Order shows that the court applied a two-part test in awarding attorney's fees. The Court correctly noted that a FOIA attorney's fee award relies upon distinct concepts of eligibility and entitlement. Order at 4. The Ninth Circuit has held that in order to receive attorney's fees, a party must show that she is both eligible for and entitled to receive them. *Lissner v. U.S. Customs Service*, 241 F.3f 1220, 1224 (9th Cir. 2001).

The Court held that Windel substantially prevailed in her action and thus was eligible for an award of attorney's fees. Order at 5-6. The Court also held that Windel is entitled to an award of attorney's fees. Order at 6-8. Windel does not seek review of the Court's rulings that she is both eligible for and entitled to an award of attorney's fees.

However, the Court failed to correctly apply the third part of the standards in awarding attorney's fees under FOIA. Under Ninth Circuit caselaw, after the court determines that a party is eligible and entitled to attorney's fees, the court is to determine whether the amount sought is reasonable.

> The plaintiff who has proven both eligibility for and entitlement to fees must submit his fee bill to the court for its scrutiny of the reasonableness of (a) the number of hours expended and (b) the hourly fee claimed. If these two figures are reasonable, then there is a "'strong presumption'" that their product, the lodestar figure, represents a reasonable award.

*Long v. United States Internal Revenue Service*, 932 F.2d 1309, 1313-14 (9th Cir. 1991).

The *Long* court further stated:

---

MOTION TO ALTER OR AMEND JUDGMENT -Page 3

LAW OFFICE OF JOSEPH R. D. LOESCHER
902 South 10th Street
Tacoma, WA 98405
P. 253.272.2206 / F. 253.272.6439

> The court may authorize an upward or downward adjustment from the lodestar figure if certain factors relating to the nature and difficulty of the case overcome this strong presumption and indicate that such an adjustment is necessary. *See Henseley v. Eckerhart*, 461 U.S. 424, 433-34, 76L. Ed. 2d 40, 103 S. Ct. 1933 (1983); *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975) (identifying twelve factors as relevant to the determination of a reasonable fee award), *cert. denied sub nom. Perkins v. Screen Extras Guild, Inc.* 425 U.S. 951, 96 S. Ct. 1726, 48 L. Ed. 2d 195 (1976); *see also Miller v. Los Angeles County Bd. Of Educ.*, 827 F.2d 617, 619-21 (9th Cir. 1987). It is important to emphasize, however, that once the court has determined that the plaintiff is both eligible for and entitled to recover fees, the award must be given and the only room for discretion concerns the reasonableness of the amount requested.

932 F.2d at 1314 (footnote omitted).

The *Long* court set forth the following twelve factors to be considered in awarding determining the reasonableness of attorney's fees. The twelve factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. 932 F.2d at 1314 n.4. Windel cited the twelve factors in her opening Motion for Attorney's Fees and Costs at 4.

Lastly, the *Long* court stated:

Finally, in order for us to review a district court's determination of a fee award, "the district court should provide a 'detailed account of how it arrives at appropriate figures for the "number of hours reasonably expended" and a "reasonable hourly rate."'" Such a "detailed account" should "articulate with sufficient clarity the manner in which [the court made] its determination of . . . the number of hours which should reasonably be compensated."

932 F.2d at 1314.

Windel respectfully submits that this Court's Order does not comply with the standards in *Long* for determining a reasonable fee award. *Long* states that if the hours are reasonable, and the hourly rate is reasonable, then there is a strong presumption that the product of those numbers is a reasonable fee. This Court may consider the twelve factors to adjust the fee, but a detailed account must be given that articulates the Court's reason for its determination.

Windel's motion should be granted whether under Civil Rule 59(e) or Civil Rule 60(b)(6). Windel submits that a reasonable award of fees in this case is that obtained by applying the lodestar calculation. None of the twelve factors support a reduction down to 20% of attorney's fees incurred.

DATED this ___ day of May, 2006.

Attorney for Plaintiff,<br>
Marlene Windel<br>
By: _____<br>
Joseph R.D. Loescher<br>
Alaska Bar No. 7911108

**MOTION TO ALTER OR AMEND JUDGMENT -Page 5**

LAW OFFICE OF JOSEPH R. D. LOESCHER
902 South 10th Street
Tacoma, WA 98405
P. 253.272.2206 / F. 253.272.6439

CERTIFICATE OF SERVICE

I hereby certify that on the date below a true and correct copy of this document was delivered via mail to:

Dan Cooper, Asst. U.S. Attorney
U.S. Department of Justice
Federal Building/US Courthouse
222 West 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567

Dated this 3 day of May, 2006.

_____
Joseph R. D. Loescher