DEBORAH M. SMITH
Acting United States Attorney

DANIEL R. COOPER, JR.
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
daniel.cooper@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARLENE WINDEL,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>et al.<br><br>    Defendants. | Case No. 3:02-cv-00306-JWS<br><br>**UNITED STATES' OPPOSITION TO MOTION TO ALTER OR AMEND JUDGMENT** |

    Ms. Windel has brought a motion asking the court to reconsider its Order of

April 19, 2006 and alter or amend the order to increase the award of attorney's

fees.  This is the opposition of the United States to that motion.

The United States concede at the outset that this motion is timely brought and is properly before the court, but not for the reasons cited by Ms. Windel. Ms. Windel ignores that the judgment in this case was actually entered on April 24, 2006 (Docket 71). That is the date from which the ten days of Rule 59(e) must be calculated. Moreover, the ten days is not expanded by the provisions of Rule 6, but is limited to the ten days of the rule and may not be expanded by the District Court. Piper v. U.S. Department of Justice, 312 F.Supp. 2d. 17 (D.D.C. 2004). Since the instant motion was filed within ten days of April 24, 2006, the motion is timely.

The United States submits that the court properly considered the factors set forth in Long v. I.R.S., 932 F.2d 1309 (9th Cir. 1991). The twelve factors Ms. Windel argues the court should now consider in her Motion to Alter or Amend Judgment are set out in footnote 4 of Long, but actually come from Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir.1975) (identifying the twelve factors as relevant to the determination of a reasonable fee award). However, the Long court does not require the District Court to set out its analysis of each of those factors, but rather to provide a sufficient basis for review.

On reading the moving papers, it appears that Ms. Windel's sole contention is that there is insufficient reason set forth for the court's conclusion that, "Taking

into account all of the circumstances of the litigation, the court concludes that an award of twenty percent of the actual attorney's fees is appropriate." (Docket 71, p. 8). The United States submits that the court has met the requirements of <u>Long</u> by setting out in the preceding paragraphs of the order the reasons for the reduction, and therefore made no mistake of law.

The court, in its order, articulated the reasons why the court believed the reduction was appropriate. The reasons are sufficient and meet the standard of law set out in <u>Long</u>. Nothing more is necessary. The court did not misapply the applicable law, nor did the court fail to articulate its reasons for the reduction. Having met the standards enunciated by <u>Long</u>, the court is not under a duty to do more. The amount of the award should not be altered or amended.

Respectfully submitted this 18th day of May, 2006, in Anchorage, Alaska.

>DEBORAH M. SMITH
>Acting United States Attorney
>
><u>s/ Daniel R. Cooper, Jr.</u>
>Assistant U. S. Attorney
>222 West 7th Ave., #9, Rm. 253
>Anchorage, AK 99513-7567
>Phone: (907) 271-3376
>Fax: (907) 271-2344
>E-mail: Daniel.Cooper@usdoj.gov
>AK #8211109

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2006,
a copy of the foregoing UNITED STATES'
OPPOSITION TO MOTION TO ALTER
OR AMEND JUDGMENT was served
electronically on Joseph R.D. Loescher.

s/ Daniel R. Cooper, Jr.