UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| MARLENE WINDEL, ) | |
| ) | |
| Plaintiff, ) | 3:02-cv-306 JWS |
| ) | |
| vs. ) | ORDER FROM CHAMBERS |
| ) | |
| ) | [Re:   Motion at Docket 73] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## I.  MOTION PRESENTED

At docket 73, Marlene Windel moves for reconsideration of the court's order at docket 70 which granted in part and denied in part her earlier motion for an award of attorney's fees under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(E) and for relief from the judgment which incorporates the decision made in that order.  At docket 74, the United States opposes the motion.  No reply memorandum was filed.  Oral argument was not requested.

## II.  BACKGROUND

Windel, who was a member of the Alaska Air National Guard, made several requests for National Guard documents pursuant to FOIA.  The history of her requests and the response by the United States is set out in detail in the order at docket 70.  Suffice it to say here that Windel eventually filed suit against the United States and

prevailed in the litigation. The motion practice involved was described at length in the order at docket 70. It may fairly be described as substantial and protracted.

In the earlier order, the court found that because Windel substantially prevailed in her action against the United States, she was eligible for an attorney's fee award. The court then exercised its discretion to determine that Windel was entitled to an award. However, the court awarded her only twenty percent of her actual fees. Although, the order discussed the eligibility and entitlement issues at length, when addressing the quantum of the award, the order was terse: "The court . . . concludes that an award of the full amount of fees is not appropriate. Taking into account all of the circumstances of the litigation, the court concludes that an award of twenty percent of the actual attorney's fees is appropriate."[1]

### III. DISCUSSION

The United States concedes that the request for reconsideration is timely under Rule 59(e).[2] Thus, the court will proceed directly to the merits of Windel's motion.

In her original motion, Windel requested $20,837 as an attorney's fee, based on 111 hours of work. Some of the work was charged at the rate of $175/hour which was in effect when the representation commenced, and some was charged at the rate of $200/hour which went into effect during the time the case was being prosecuted. In responding to the original motion for an award of fees, the United States did not contend that the amount of the fees sought by Windel was unreasonable. In the order at docket 70, the court also found that the amount sought was reasonable, in terms of time spent and the hourly billing rates in charged.[3]

The crux of the motion to reconsider is that the court erred by awarding less than the requested amount, because the requested amount was a "lodestar" (the product of a reasonable number of hours multiplied by reasonable hourly rates). Wendel points

---

[1] Doc. 70, p. 8.

[2] Doc. 73, p. 2.

[3] Doc. 70, p. 8.

out that, as recognized in *Long v. United States Internal Revenue Service*,[4] there is a strong presumption in favor of awarding the lodestar.[5]  A court may depart from the lodestar only when the departure is justified by consideration of the factors identified in *Kerr v. Screen Actors, Guild, Inc.*[6]  In the original order, this court did not consider the *Kerr* factors.  Rather, in assessing the overall circumstances and concluding that an award of twenty percent was appropriate, this court relied on how close the question of entitlement was and the court's frustration that Windel never did make clear why she was seeking the records.  It was clearly error to have relied on the entitlement factors to reduce the award.  As the *Long* court put it: "The district court erred to the extent it reconsidered the entitlement factors [in making an award below the lodestar]."[7]  Having committed precisely that error here, this court will avoid receiving a similar message from the court of appeals by correcting the error in this order.

To justify an award of anything less than the lodestar, this court must find a basis for doing so in the *Kerr* factors.  Having carefully considered the *Kerr* factors[8] in the context of this case, the court cannot find any basis for reducing the lodestar.  Under the law of this circuit, it was error to make the reduction reflected in the earlier order.  That error can be corrected by granting the motion at bar.

---

[4] 932 F.2d 1309 (9th Cir. 1991).

[5] *Long*, 932 F.2d 1314.

[6] 526 F.2d 67, 70 (9th Cir. 1975).

[7] 932 F.2d 1315.

[8] The factors are (1) time and labor expended; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment opportunities; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Kerr,* 526 F.2d at 70.

## IV.  CONCLUSION

For the reasons set out above, the motion at docket 73 is **GRANTED** as follows:

(1)  Windel shall recover the sum of $20,873 from the United States as her attorney's fee.

(2)  The Clerk will prepare an amended judgment which incorporates an award of attorney's fees in the amount of $20,873.

DATED at Anchorage, Alaska, this 20th day of June 2006.


/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE